IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLA JOE GORDON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 20-cv-3195 |
| | ) |
| FIRST CHICAGO INSURANCE | ) |
| COMPANY and DONNELL COLE, | ) |
| | ) |
|     Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 9) filed by Defendant First Chicago Insurance Company ("First Chicago"). For the reasons stated below, the Motion to Dismiss is GRANTED.

**I. BACKGROUND**

This action arises out of an automobile accident that occurred on September 3, 2015. On that date, Plaintiff Ella Joe Gordon ("Plaintiff" or "Ms. Gordon") was a passenger in a taxicab driven by Defendant Donnell Cole when the taxi was struck by hit-and-run driver on East South Grand Street in Springfield, Illinois. Ms.

Gordon sustained injuries in the crash. Following the accident, attorneys representing Ms. Gordon contacted First Chicago in May 2016 and again in June 2018 seeking payment pursuant to an insurance policy allegedly issued by First Chicago to the Tri-County Cab Company.[1] On February 7, 2019, First Chicago filed a declaratory judgment action in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, arguing that First Chicago had no obligation to honor any claim filed by Ms. Gordon for uninsured motorist coverage or other damages.

Ms. Gordon, who is proceeding pro se, filed her pending Complaint (d/e 1) in this Court on July 31, 2020. The Court has denied each of the motions to request counsel filed by Ms. Gordon. See Text Orders entered August 12, 2020, October 28, 2020, November 10, 2020, and March 16, 2021. On September 11, 2020, First Chicago filed a Motion to Dismiss (d/e 9) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Ms.

---

[1] First Chicago claims that the taxicab in which Ms. Gordon was a passenger was actually owned by Springfield Yellow Cab. First Chicago admits to issuing a commercial auto insurance policy to Springfield Yellow Cab that was effective between September 1, 2015 and January 1, 2016. See d/e 27, ¶ 10. Ms. Gordon insists that the taxicab was actually owned by the "Tri-County Cab Company." D/e 27–2, p. 2. It is not clear from the record whether the Tri-County Cab Company was also insured through First Chicago as of September 3, 2015.

Gordon filed a Response (d/e 19) to the Motion to Dismiss on December 17, 2020.

While First Chicago's Motion to Dismiss was still pending, First Chicago filed a Motion for Summary Judgment (d/e 25) along with a Statement of Uncontroverted Material Facts (d/e 27) on May 11, 2021. On June 8, 2021, Ms. Gordon filed her Response (d/e 29) to First Chicago's summary judgment motion. Ms. Gordon's response does not specifically address any of First Chicago's undisputed material facts, as is required by Local Rule 7.1(D)(2)(b).

First Chicago's summary judgment motion, like the motion to dismiss, argues that this Court does not have subject matter jurisdiction over Ms. Gordon's claims. The motion to dismiss is granted for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and making all reasonable inferences in plaintiff's favor. Alicea-Hernandez v. Catholic Bishop

of Chi., 320 F.3d 698, 701 (7th Cir. 2003).  The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014).  "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Alicea-Hernandez, 320 F.3d at 701.  Here, a motion for summary judgment has been filed, Defendant has offered statements of fact relevant to the issue of this Court's subject matter jurisdiction, and Plaintiff has had a chance to respond to Defendant's statements of fact and submit evidence of her own.  The Court will consider all of the evidence presented in determining whether this action should be dismissed pursuant to Rule 12(b)(1).

### III.  FACTS

The following facts are taken from the Statement of Uncontroverted Material Facts (d/e 27) filed by First Chicago.  Ms. Gordon has not disputed any of the facts set forth below.

Ms. Gordon is a citizen of the State of Illinois and a resident of Springfield, Sangamon County, Illinois.  Id. at ¶ 3.  First Chicago is also a citizen and resident of the State of Illinois.  Id. at ¶ 4.  On September 3, 2015, Ms. Gordon was a passenger in a cab driven by Donnell Cole when that cab was involved in a hit-and-run motor vehicle accident with an uninsured motorist at approximately 6:09 p.m.  Id. at ¶ 11.  This accident gave rise to an action in Illinois state court wherein First Chicago sought a declaration from the Sangamon County Circuit Court concerning its rights and obligations regarding the commercial auto policy issued by First Chicago to Springfield Yellow Cab that was effective between September 1, 2015, and January 1, 2016.  Id. at ¶ 10.

## IV. ANALYSIS

Ms. Gordon's Complaint seeks to recover for personal injuries and damages arising out of a 2015 automobile accident.  The complaint also contains allegations that First Chicago violated Ms. Gordon's rights by causing a summons to attend Illinois state court to be sent to her in 2019 and that her attorneys in the underlying action also violated her rights in an unspecified way.

The threshold question is whether the Court has jurisdiction over Ms. Gordon's claims. After reviewing the complaint, the Court concludes that it does not have subject matter jurisdiction based either on diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. Ms. Gordon's complaint must, therefore, be dismissed.

Diversity jurisdiction under § 1332 requires complete diversity of citizenship among the parties to an action. 28 U.S.C. § 1332. Complete diversity of citizenship exists when none of the parties on either side of the litigation is a citizen of the same state as any of the parties on the other side of the litigation. <u>Howell v. Tribune Entm't Co.</u>, 106 F.3d 215, 217 (7th Cir. 1997). Here, Ms. Gordon and First Chicago are both citizens of the state of Illinois. Accordingly, diversity jurisdiction does not exist.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke jurisdiction under § 1331, Ms. Gordon must bring a claim arising under federal law. Ms. Gordon's complaint primarily alleges state

law tort claims and state law breach of contract claims relating to First Chicago's alleged failure to pay her for her pain, suffering, medical expenses and other damages following the 2015 accident. The Complaint also alleges that First Chicago and Ms. Gordon's attorneys in the underlying action "violate[d] my rights," d/e 1, p. 11, but nothing in the Complaint or any of Ms. Gordon's other filings indicates that any specific right arising under the laws or Constitution of the United States was violated.

The Pro Se Civil Rights Complaint form utilized by Ms. Gordon invokes subject matter jurisdiction over her complaint under "28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983." See d/e 1, p. 1.  However, 28 U.S.C. § 1343(a)(3) "covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement." Myles v. United States, 416 F.3d 551, 554 (7th Cir. 2005).  Furthermore, under 42 U.S.C. § 1983 a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of law.

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009).  Here, nothing suggests that Ms. Gordon was deprived of any right arising under the Constitution or laws of the United States.  Ms. Gordon has not alleged that the summons issued in the underlying action was invalid or improper in any way, and the issuance of a valid summons to appear in court does not violate any established right.  Moreover, nothing in Ms. Gordon's complaint indicates that any of the individuals who allegedly violated her rights did so under color of law.

## V. CONCLUSION

For the reasons stated above, First Chicago's Motion to Dismiss (d/e 9) is GRANTED.  Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.  Because amendment would be futile, leave to file an amended complaint is not granted.  The Clerk is DIRECTED to close this case and enter judgment.  All pending motions are DENIED AS MOOT.

ENTERED:  June 15, 2021

FOR THE COURT:

                                                         */s/ Sue E. Myerscough*
                                                         **SUE E. MYERSCOUGH**
                                                         **UNITED STATES DISTRICT JUDGE**